# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

PANGNHIA VUE,

       Plaintiff,

    v.

PENTAGON FEDERAL CREDIT UNION,

       Defendant.

Case No. 1:21-cv-01063-JLT-SAB

ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER WITHOUT PREJUDICE

(ECF No. 46)

The scheduling order issued in this matter on December 12, 2023, setting among other deadlines, the deadline to amend the pleadings as May 31, 2024.  (ECF No. 43.)  Currently before the Court is Plaintiff's *ex parte* application for modification of the deadline to amend the pleadings, filed on May 24, 2024.  (ECF No. 46.)

Plaintiff cites Local Rule 144 for its provisions regarding *ex parte* extensions.  Plaintiff requests a sixty-day extension of the deadline to amend the pleadings to allow additional time to locate and add a potential class representative to the complaint.  (ECF No. 46 at 2.)  Plaintiff proffers that Defendant refuses to stipulate to the extension.  (Id. at 7.)  Plaintiff argues she could have moved to amend after the May 31, 2024, deadline and satisfied the "good cause" standard under Federal Rule of Civil Procedure 16, but instead elected to request an extension ahead of the deadline to minimize any potential prejudice to Defendant.  (Id.)  This is Plaintiff's first request for modification to the scheduling order.  (Id.)

In an attached affidavit, counsel for Plaintiff proffers the *ex parte* application could not be filed as a noticed motion because a hearing date could not be reserved under the local rules prior to the May 31, 2024 deadline to amend the pleadings.  (ECF No. 47 at 2.)

### A.     *Ex Parte* Applications

Local Rule 144(a) provides for the filing of initial stipulations for extensions of time for "no more than twenty-eight (28) days to respond to a complaint, cross-claim or counterclaim, or to respond to interrogatories, requests for admissions, or requests for production of documents," and may be filed without Court approval.  Local Rule 144(a) also provides that aside from these certain express initial extensions, "[a]ll other extensions of time must be approved by the Court."  Local Rule 144(c) provides that the Court may, in its discretion, grant an initial *ex parte* extension "upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary."  L.R. 144(c).  Except for one initial extension, such "applications for extension of time are not ordinarily granted."  L.R. 144(c).  Further, "[c]ounsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent."  L.R. 144(d).

### B.     Plaintiff's *Ex Parte* Motion is Denied Without Prejudice to Plaintiff filing a Properly Noticed Motion to Modify the Scheduling Order

Plaintiff's application to amend the scheduling order is largely an inappropriate use of an *ex parte* application, under general principles pertaining to *ex parte* applications, and specifically under the cited Local Rule.  "The expression '*ex parte* motion' is a term of art.  In its pure form it means a request a party makes to the court *without any notice to the other side*."  Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995) (emphasis added).  "*Ex parte* relief is generally disfavored when relief may be had through a regularly noticed motion."  Hufnagle v. Rino Int'l Corp., No. CV 10-08695 DDP VBKX, 2012 WL 6553743, at *1 (C.D. Cal. Dec. 14, 2012).  The Local Rules of the Eastern District recognize limited situations in which *ex parte* applications may be filed: *ex parte* motions to extend time where a stipulation cannot reasonably be obtained as where a defendant has not been served, or where there is an

2

application to shorten time (L.R. 144 (c) (e)); injunctive relief (L.R. 231); and default judgment (L.R. 540).  Plaintiff's request does not fall within any of these situations.  Consistent with the Local Rules, the process by which the Court could entertain such requests would be for a party to file a motion to amend the scheduling order and submit with that motion an application for an order shortening time to hear the matter, with notice to the opposing party, and on good cause.  To the extent that the motion needs to be heard on shortened time due to the pending deadline, Plaintiff can use Local Rule 144(e).

Here, Plaintiff contends she did meet and confer with Defendant and Defendant informed Plaintiff it would not agree to stipulate to an extension of the deadline to amend the pleadings. (ECF No. 46 at 7.)  Thus, this is not a situation where a stipulation could not reasonably be obtained; rather, Defendant has notice of the request and opposes the requested modification. While the Court appreciates the approaching May 31, 2024 deadline, filing this request as an *ex parte* application, rather than a regularly noticed motion—with or without a request to hear on shortened time—is procedurally improper.[1]  The Court shall therefore deny Plaintiff's *ex parte* application.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's *ex parte* application to modify the scheduling order (ECF No. 46) is DENIED without prejudice to the filing of a properly noticed motion.

IT IS SO ORDERED.

Dated:  __**May 28, 2024**__

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] While the Court does not address the merits of the procedurally improper request, the Court notes Plaintiff has been aware of a potential need to amend the complaint since February 9, 2024.  (ECF No. 46 at 3.)  Plaintiff argues she has attempted to stipulate to amend the complaint to add plaintiffs as additional class representatives twice; however, the most recent attempt to resolve the issue without court intervention was not proposed to Defendant until May 15, 2024.  Defendant purportedly declined to stipulate to the amended complaint on May 20, 2024.  (Id. at 2.) Plaintiff did not file the instant application until after 3:30 p.m. on Friday, May 24, 2024.  (Id. at 7.)  The shortened timeframe of the instant request therefore appears to be the result of Plaintiff's lack of diligence in seeking amendment with a regularly noticed motion under Local Rule 230.