UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| Denise Beyard et al., | No. 1:21-cv-01063-KJM-SAB |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| Pentagon Federal Credit Union et al., | |
| Defendants. | |

Plaintiffs request to seal two exhibits to a declaration related to defendant's motion to dismiss. The court **denies** the request without prejudice to renewal.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978) (footnotes omitted). Although that right is not absolute, "'a strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). This presumption "is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

For these reasons, courts grant requests to seal records in civil cases in only limited circumstances, such as to protect against "gratif[ication of] private spite or promot[ion of] public scandal" or to preclude court dockets from being "reservoirs of libelous statements" or "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 597 (citations omitted). When a party moves to seal a record, the court determines whether the underlying filing is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101. If so, then a party seeking to seal the record must satisfy the "stringent" compelling-reasons standard. *Id.* at 1096. Here, the exhibits to the declaration are related to defendant's dispositive motion. *See* Mot. at 1, ECF No. 81. Materials related to dispositive motions, as is the case here, carry a stronger presumption of access than non-dispositive motions. *See Kamakana*, 447 F.3d at 1179.

Applying this standard to the plaintiffs' request, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture,'" and "then 'conscientiously balance[s] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Ctr. for Auto Safety*, 809 F.3d at 1096−97 (first alteration in original) (quoting *Kamakana*, 447 F.3d at 1179). The compelling-reasons standard applies even if the contents were previously filed under seal or are covered by a generalized protective order, as is the case here. *See Foltz*, 331 F.3d at 1136; Stipulated Protective Order, ECF No. 45.

The Eastern District of California has also adopted rules to clarify procedures for parties' compliance with the law reviewed above. Local Rule 141 provides that documents may be sealed only by a written order of the court after a particularized request to seal has been made. E.D. Cal. L.R. 141(a). A mere request to seal is not enough under the local rules. Local Rule 141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." The court's own Standing Order, available on its web page, emphasizes the requirement that parties comply with the law and the rules in making any sealing request, which they should do lightly and only rarely if at all.

While the court should not have to remind a party of its orders setting out essential ground rules of a case, or set forth its local rules in such detail, or review the controlling authority from which the rules derive, it does so here in light of the unjustified request to seal presented by plaintiffs.

Plaintiffs' request provides a brief and insufficient explanation of the specific prejudice or harm that will result absent sealing.  Mot. at 1.  The party's reliance on a discovery protective order does not alone offer "a compelling reason to overcome the presumption in favor of access."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003).  Plaintiffs also cite to *FullView, Inc. v. Polycom, Inc.*, 635 F. Supp. 3d 917 (N.D. Cal. 2022) (subsequent history omitted) in support of their request.  Mot. at 1.  The court in *FullView* explained "[l]itigants may file under seal documents reflecting confidential, trade secret, and proprietary information," *FullView*, 635 F. Supp 3d at 929, but plaintiffs offer no evidence the exhibits fall into any of these categories.  As such, this court finds the request to fall significantly short of the applicable compelling-reasons standard.

The request to seal is **denied** without prejudice for renewal.

IT IS SO ORDERED.

DATED:  November 13, 2024.

_____
UNITED STATES DISTRICT JUDGE