UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Denise Beyard, et al., | No. 1:21-cv-01063-KJM-SAB |
| Plaintiffs, | ORDER |
| v. | |
| Pentagon Federal Credit Union, et al., | |
| Defendants. | |

Plaintiffs Denise Beyard, Caroline Cardoza and Calvin James allege Pentagon Federal Credit Union wrongly charged them duplicative fees for insufficient account balances.  The credit union moves to dismiss for lack of jurisdiction, and its asks this court to reconsider the assigned Magistrate Judge's decision not to reach a similar jurisdictional dispute.  As explained in this order, the court **grants** the motion to dismiss with leave to amend, and **denies as moot** the motion for reconsideration.

I.   **ALLEGATIONS**

This case was originally filed on behalf of Pangnhia Vue, a member of the credit union who alleged it had assessed her duplicative $30 fees for insufficient funds.  *See* Compl. ¶¶ 14–25, ECF No. 1.  According to her complaint, her agreement with the credit union permitted it to assess one fee only.  *See id.* ¶¶ 21, 24.  She asserted claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment and unfair competition, among others,

1

and she proposed to represent a class of others in the same situation. *See id.* ¶¶ 75–117. The credit union successfully moved to dismiss all of those claims but the contract claim. *See* Order (Sept. 29, 2023), ECF No. 38.

About a year later, Vue sought permission to amend her complaint to substitute three new class representatives in her place. *See* Mot. Substitute, ECF No. 50. She had stopped communicating with her counsel and appeared to have "lost interest in the case." Dosaj Decl. ¶ 3, ECF No. 52. The credit union opposed the motion for several reasons. Among other things, it argued the court lacked subject matter jurisdiction because the complaint offered no allegations to show more than $5 million was in dispute, as required by 28 U.S.C. § 1332(d). *See* Opp'n at 14–17, ECF No. 55. It also argued the court lacked subject matter jurisdiction because the case had become moot. *See id.* at 17–19. The motion was referred to the assigned Magistrate Judge, who granted it in a reasoned order. *See generally* MJ Order, ECF No. 66. The Magistrate Judge rejected the credit union's mootness argument, *see id.* at 7–8, but he deferred resolution of the dispute about the amount in controversy as "beyond the purview of the instant motion," *id.* at 8–9. As a result, the three current plaintiffs—Beyard, Cardoza and James—where substituted in Vue's place. *See* First Am. Compl. ¶¶ 5–7, ECF No. 67.

The credit union then filed its pending motion for reconsideration. *See generally* Mot. Recons., ECF No. 71. It asks this court to reconsider only the Magistrate Judge's decision that the claims were not moot and that disputes about the amount in controversy should be resolved later. *See id.* at 2 & n.1. A few days after the credit union filed its motion to reconsider, it also moved to dismiss the amended complaint. *See generally* Mot. Dismiss, ECF No. 72. It reiterates its argument about the amount in controversy, *see id.* at 4–6, and it argues in addition that this district is an improper venue, *see id.* at 6–9. Plaintiffs oppose both motions. *See generally* Opp'n Recons., ECF No. 73; Opp'n Dismiss, ECF No. 79. The matters are now fully briefed, *see* Reply Dismiss, ECF No. 86. The court submits the matter without holding a hearing. *See* E.D. Cal. L.R. 230(g).

## II. DISCUSSION

"[T]here is no mandatory 'sequencing of jurisdictional issues.'" *Sinochem Int'l Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). For that reason, courts can resolve jurisdictional disputes—such as the parties' disputes about mootness and the amount in controversy—in the order they choose. *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 4 (2023). It is most efficient in this case to begin with the credit union's argument about the amount in controversy.

The credit union moves to dismiss under Rule 12(b)(1). *See* Mot. Dismiss at 2. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* The credit union does not contend any of the plaintiffs' jurisdictional allegations are false, but rather that those allegations, if true, would not show the court has jurisdiction. *See, e.g.*, Mot. Dismiss at 4. Its motion is a "facial attack." *Safe Air*, 373 F.3d at 1039.

A "facial attack" is tested by the same standard that would apply to a motion to dismiss for failure to state a claim under Rule 12(b)(6): "Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). That is, the complaint must include allegations of "facts, not mere legal conclusions, in compliance with the pleading standards established by *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*." *Id.* (citing 550 U.S. 544 (2007) and 556 U.S. 662 (2009)). And under that standard, the court does not consider any materials or evidence unless they are part of the complaint itself, attached to the complaint, incorporated into the complaint by reference or subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

The operative complaint in this case invokes this court's jurisdiction over minimally diverse class actions in which the amount in controversy exceeds $5 million. *See* First Am. Compl. ¶ 9 (citing 28 U.S.C. § 1332(d)(2)). The complaint does not explain why more than $5 million is in controversy. Nor do its allegations permit the court to infer more than $5 million is in dispute. The three named plaintiffs allege they were charged $30 fees on a few occasions in 2019, 2020 and 2021. *See* First Am. Compl. ¶¶ 16–21. They allege "thousands of members" of their proposed class "or more" were charged similar fees, but only on "information and belief," and without estimates of frequency or the number of fees assessed. *Id.* ¶ 56. In short, based on the complaint's allegations alone, it is conceivable the allegedly duplicative fees exceeded $5 million, but it is equally conceivable the total is much lower. A conceivable recovery in excess of $5 million does not suffice; plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The court grants the motion to dismiss.

Plaintiffs do cite a variety of evidence in opposition to the credit union's motion, such as a report by their retained expert and deposition testimony by the person the credit union designated as its representative under Federal Rule of Civil Procedure 30(b)(6). *See* Opp'n Dismiss 4–15. But they did not include allegations along these lines in their operative complaint. The court considers only the complaint in a facial challenge like this one, not the evidence the parties may have developed in discovery. The court therefore construes plaintiffs' opposition as proposing allegations they could include in a further amended complaint. *Cf. Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) (reversing dismissal for lack of jurisdiction without leave to amend when amendment could have cured jurisdictional problems). The credit union's critiques of plaintiffs' jurisdictional evidence do not show any potential amendment would be an exercise in futility. *See* Reply Dismiss at 4–8. Those arguments are better tested in a renewed motion to dismiss or for summary judgment following amendment. *See Ortega v. Chick-fil-A, Inc.*, No. 21-0845, 2021 WL 5281031, at *2 (E.D. Cal. Nov. 12, 2021) ("Courts within this District and the Ninth Circuit often defer assessments of a proposed amendment's legal substance until after those amendments are filed and a defendant formally moves to dismiss.").

4

The parties disagree whether a supplemental complaint would be an appropriate pleading for some of plaintiffs' jurisdictional claims.  *Compare* Opp'n Dismiss at 8–9 (citing *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036 (9th Cir. 2015)) *with* Reply Dismiss at 7 (same).  Plaintiffs have not shown a supplemental complaint would be appropriate, as they have not explained what allegations they would include in such a pleading, but this order does not preclude a future motion for leave to file a supplemental complaint.

Because the court dismisses the first amended complaint for lack of jurisdiction, the court need not and does not decide whether the claims within it are also moot, nor whether this district is the proper venue for the dismissed claim.  The court also denies as moot the pending motion for reconsideration.

### III. CONCLUSION

The motion to dismiss (ECF No. 72) **is granted**.  The first amended complaint is **dismissed** for lack of subject matter jurisdiction with leave to amend.  Any amended complaint must be filed **within twenty-one days**.

The motion to reconsider (ECF No. 71) is **denied as moot**.

IT IS SO ORDERED.

DATED:  December 4, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE