# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE BEYARD, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>PENTAGON FEDERAL CREDIT UNION,<br><br>          Defendant. | Case No. 1:21-cv-01063-KJM-SAB<br><br>ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE PLAINTIFFS FROM USING EXPERT TESTIMONY; MODIFYING SCHEDULING ORDER FOR LIMITED PURPOSE<br><br>(ECF Nos. 77, 83, 88) |

Currently before the Court is Defendant Pentagon Federal Credit Union's motion to preclude Plaintiffs Denise Beyard, Caroline Cardoza, and Calvin James (collectively, "Plaintiffs") from using expert testimony in connection with any motion, including any motion for class certification, or at trial. (ECF No. 77.) The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

A hearing was held in this matter on February 19, 2025. (ECF No. 104.) Counsel Taras Kick and Tyler Dosaj appeared on behalf of Plaintiffs. Counsel Michael Graziano appeared on behalf of Defendant. Having considered the moving, opposition, and reply papers, the arguments made at the February 19, 2025 hearing, as well as the Court's record, for the reasons explained herein, the Court denies Defendant's motion to exclude Plaintiffs from using expert testimony and modifies the scheduling order for the limited purpose of deposing Plaintiffs' expert and Defendant's rebuttal expert.

1

## I.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure requires the disclosure of expert witnesses. Fed. R. Civ. P. 26(a)(2). Unless stipulated by the parties or otherwise ordered by the Court, the party's expert disclosure must be accompanied by a written report, which has been prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The witness's "report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

Rule 37(c)(1) gives teeth to the expert disclosure "requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37 provides that a party is not allowed to use information or witnesses that are not disclosed or supplemented as required by Rule 26(a) or (e) unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). "The Advisory Committee Notes describe [this] as a 'self-executing,' 'automatic' sanction to 'provide[] a strong inducement for disclosure of material. . . .' " Yeti by Molly, Ltd., 259 F.3d at 1106 (quoting Rule 37 advisory committee's note (1994)). District courts have discretion in determining whether to issue sanctions under Rule 37(c)(1). Id.

The burden is on the party seeking to admit the evidence to demonstrate that the failure to disclose was substantially justified or harmless. Id. at 1107. "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the

2

1 trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard
2 Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010).

## II.

## DISCUSSION

A scheduling order issued in this action on December 12, 2023. (ECF No. 43.) The scheduling order provided, in pertinent part, that the parties were to disclose expert witnesses by February 9, 2024; all supplemental experts were to be disclosed by June 21, 2024; and that the parties were to complete expert discovery by November 8, 2024. (Id. at 2-3.) The order expressly stated that "written designation of retained and non-retained experts **shall be made pursuant to Fed. R. Civ. P. 26(a)(2), (A), (B) and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through the experts that are not properly disclosed in compliance with this order." (Id. (emphasis in original).)

On February 9, 2024, Plaintiffs identified Arthur Olsen as an expert witness, identified the subject matter on which he was expected to testify, and attached his curriculum vitae and a list of representative matters in which he had testified. (Decl. of Tyler Dosaj, Ex. 11, ECF No. 84-11.) Plaintiffs' written disclosure did not include a statement of all Mr. Olsen's opinions, the basis for those opinions, the facts or data considered, or any exhibits that will be used to summarize his opinions. See Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii). Plaintiffs did not provide a report containing that information until October 30, 2024. (ECF No. 83 at 10.) Defendant therefore requests that Mr. Olsen be stricken due to Plaintiffs' failure to comply with the scheduling order and the requirements of Rule 26.[1] Plaintiffs bear the burden of demonstrating that their failure to disclose on February 9, 2024 was substantially justified or harmless. Yeti by Molly, Ltd., 259 F.3d at 1107.

Plaintiffs primarily argue they are substantially justified in their non-compliance with the disclosure deadline because the parties purportedly entered an agreement at the scheduling

---

[1] Defendant does not seek—and the Court therefore does not address—any lesser sanction than complete exclusion of Mr. Olsen for Plaintiffs' Rule 26(a) violation. See Fed. R. Civ. P. 37(c)(1)(A)-(C).

3

1 conference that Defendant would not attempt to enforce the February 9, 2024 expert disclosure 2 deadline if the class transaction data necessary for Mr. Olsen to write his report had not been 3 produced by February 9, 2024. (ECF No. 83 at 11.) Defendant argues no such agreement was 4 entered at the scheduling conference. The Court agrees. The Court does not set illusory 5 deadlines in Rule 16 scheduling orders. The parties proposed a February 9, 2024 expert 6 disclosure deadline (ECF No. 40) and the Court directed the parties to disclose all expert 7 witnesses pursuant to Fed. R. Civ. P. 26(a)(2) by February 9, 2024. (ECF No. 43 at 2-3.) 8 Plaintiffs were required to make expert disclosures at the time and in the sequence that the Court 9 ordered. See Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 10 2011). If Plaintiffs did not have the information necessary to comply with Rule 26(a), Plaintiffs 11 could have—and should have—sought an extension of time to the expert disclosure deadline 12 prior to February 9, 2024 or supplemented its report "in a timely manner." Fed. R. Civ. P. 13 26(e)(1)(A).

14 Plaintiffs also contend their failure to provide Mr. Olsen's report by February 9, 2024 is 15 justified because Defendant failed to produce the data required for timely disclosure.[2] (ECF No. 16 83 at 8.) The appropriate vehicle for such argument, however, is through a timely request to 17 modify the scheduling order, a motion to compel, or through this Court's informal discovery 18 process. Plaintiffs failed to pursue any of these avenues for proper relief. Defendant's alleged 19 failure to comply during the discovery process is not a post hoc justification for Plaintiffs' own 20 failure to comply with the scheduling order deadlines.

21 Additionally, Plaintiffs argue the violation of the disclosure deadline is harmless because 22 they disclosed Mr. Olsen within the disclosure deadline and provided detailed information about

---

[2] Plaintiffs contend they requested Defendant's class transaction data on October 7, 2021. (ECF No. 83 at 8 n.2.) However, Defendant objected to production of the full set of data on various grounds, including that such a production would be unduly burdensome. Id. Plaintiffs proffer that "*[a]s a compromise*, Plaintiffs requested a one-month sample of this data on November 20, 2021, along with aggregate fee data sufficient to perform an extrapolation from the sample, which Defendant agreed to provide on December 13, 2021." (Id. (emphasis added).) Plaintiff did not receive the one-month sample of transactional data and aggregate revenue data until March 8, 2024. (Id. at 8-9.) Despite receiving the necessary information on March 8, 2024, Plaintiffs did not provide Mr. Olsen's report until October 30, 2024. See Fed. R. Civ. P. 26(e)(1)(A) ("A party who has made a disclosure under Rule 26(a))…must supplement or correct its disclosure…in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing….")

1  him and the subject matter of his expected testimony.  (ECF No. 83 at 13.)  Plaintiffs analogize
2  their disclosure with that in Lanard Toys Ltd. v. Novelty, Inc. 375 F. App'x 705 (9th Cir. 2010).
3  There, the plaintiff did not strictly comply with the Rule 26(a)(2)(B) requirements by the
4  disclosure deadline, but did provide detailed information about the expert's background and
5  expertise, a copy of his curriculum vitae, a list of representative cases in which he had testified, a
6  listing of the materials reviewed in support of his declaration, and a statement of his scope of
7  work for this case.  Id. at 713.  The Lanard plaintiff then provided an expert declaration that fully
8  satisfied Rule 26(a)(2)(B) more than three weeks before the cut-off date for expert discovery and
9  more than seven months before trial.  Id.  The Ninth Circuit found the trial court did not abuse its
10 discretion in allowing the expert testimony.  Id.

11      Similar to the Lanard expert declaration, Plaintiffs here timely filed a declaration on
12 February 9, 2024 identifying Mr. Olsen as an expert witness and the subject matter on which he
13 was expected to testify and also attached his curriculum vitae and a list of representative matters
14 in which he had testified.  (Decl. of Tyler Dosa, Ex. 11, ECF No. 84-11.)  Because Plaintiffs
15 disclosed Mr. Olsen by the disclosure deadline and provided Defendant with some pertinent
16 information, it lessens the prejudice or surprise to Defendant.  Lanard Toys Ltd., 375 F. App'x at
17 713.  The element of surprise is further diminished given that Plaintiffs' February 9, 2024
18 disclosure provided enough notice to allow Defendant to designate its own rebuttal expert, Sonya
19 Kwon.  (See ECF No. 77-6 at 3 ("Since [Plaintiffs have] not disclosed the substance of any
20 expert opinions [they] intend[] to use, there are no expert opinions for PenFed to rebut. As the
21 deadline to disclose rebuttal experts is June 21, 2024, however, PenFed, in an abundance of
22 caution, is serving these disclosures to notify [Plaintiffs] that it reserves the right to rebut any
23 expert opinions [they] may disclose in the future.").)

24      Additionally, Plaintiffs provided Mr. Olsen's complete written report to Defendant on
25 October 30, 2024, the same day Defendant filed the instant motion and nine days prior to the
26 expert discovery cutoff.  (ECF No. 43.)  The instant motion, however, has been held in abeyance
27 since October 2024 while two motions to dismiss and a motion for reconsideration were
28 promptly decided by the newly assigned District Judge.  Although Plaintiffs' expert disclosure

5

was not compliant with Rule 26, expert discovery was still open when Plaintiffs provided Mr. Olsen's report. Additionally, the motion for class certification deadline was, at that time, months away with no trial date scheduled. At the time the instant motion was filed, there was an ability to cure any prejudice to Defendant for Plaintiffs' failure to provide the report or timely supplement without reopening expert discovery or extending the class certification deadline.

The Court ultimately agrees with Defendant that Plaintiffs' failure to provide Mr. Olsen's opinion until October 30, 2024 is presumptively prejudicial because (1) Defendant was limited in its capacity to review Mr. Olsen's opinions and depose him within nine days and (2) Defendant was prevented from being able to obtain and serve a rebuttal expert report by the June 21, 2024, deadline. (ECF No. 77-1 at 12.) Although late disclosure of information required by Rule 26(a) is not harmless where it requires discovery to be reopened and a new schedule to be created, Hoffman v. Construction Protection Services, Inc., 541 F.3d 1175, 1180 (9th Cir. 2008), as amended (Sept. 16, 2008), the Court finds modification of the scheduling order to be a reasonable alternative to striking Plaintiffs' expert witness under the circumstances. As discussed at the February 19, 2025 hearing, the Court finds the prejudice to Defendant caused by Plaintiffs' nondisclosure can be cured by modifying the scheduling order for the limited purpose of deposing Mr. Olsen; allowing time for Defendant's designated rebuttal expert to submit a report; and allowing Plaintiffs the opportunity to depose Defendant's rebuttal expert. To accommodate this limited expert discovery period, the Court shall also continue the deadline to file a motion for class certification. The parties are advised that further modifications to the scheduling order will not be granted, absent a showing of good cause.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to preclude Plaintiffs from using expert testimony in connection with any motion, including any motion for class certification, or at trial (ECF No. 77) is DENIED; and

///

6

      2.      The scheduling order is modified as follows:

            (a)      Expert discovery is re-opened **until June 20, 2025** for the limited purpose of deposing Plaintiffs' expert Arthur Olsen; allowing Defendant's rebuttal expert Sonya Kwon to provide a report to Plaintiffs; and deposing Ms. Kwon; and

            (b)      The deadline to file a motion for class certification is **August 1, 2025**. The motion shall be filed in accordance with Local Rule 230 and the assigned District Judge's standing order.

IT IS SO ORDERED.

Dated: **February 21, 2025**

STANLEY A. BOONE
United States Magistrate Judge